[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff, Commissioner of Environmental Protection (hereinafter the "Commissioner"), has moved to strike the defendant's special defense dated October 22, 1997. For the reasons set forth below and since the matters sought to be raised in the special defense are more properly admissible as a general defense on the issue of causation, the motion to strike is granted.
The Commissioner seeks penalties and injunctive relief alleging that Devcon violated its permit to discharge stormwater from a subdivision construction site it was developing in Torrington, Connecticut. The action has been brought pursuant to General Statutes § 22a-430. Devcon's answer to the Commissioner's amended complaint denied the allegations that it violated its permit and denied that it caused pollution. Devcon further raised a special defense alleging that excessive rainfall CT Page 12883 in the Torrington area caused silt and soil to wash away from the construction site and that such weather conditions were "Acts of God" that were not and could not have been anticipated by Devcon.
The Commissioner claims that the "Act of God" defense raised by Devcon is legally insufficient because the action is based on a strict liability statute. In support of its position, the commissioner relies upon both federal and state precedent holding that the prohibitions against the discharge of effluents do not require proof of intent or fault but are based on strict liability. See Connecticut Fund for the Environment, Inc. v.Upjohn Co., 660 F. Sup. 1397, 1409 (D.Conn. 1987); UnitedStates v. Earth Sciences, Inc., 599 F.2d 368, 374 (10th Cir. 1979); Carothers v. American Airlines, Inc.,2 CONN. L. RPTR. 526, 16 CLT 45 at 884-85 (Sept. 27, 1990).
At oral argument on this motion, Devcon did not contest the claim that the § 22a-430 was a strict liability statute. Instead, Devcon indicated that it intended to defend the case on the basis that whatever waterflow pollution was allegedly caused was caused by excessive rainfall. Devcon maintains that it complied fully with its permit but that the design specifications of the permit did not contemplate the severe weather that occurred. The Commissioner acknowledged that this was an appropriate claim to raise on the issue of causation but should not be raised through a special defense.
The statutory basis of this action is not based on negligence or fault but rather on the liability provisions of §22a-430. Accordingly, "acts of God" are not a defense to a failure to comply with a water discharge permit. The motion to strike is therefore granted. This ruling does not, however, preclude Devcon from offering evidence of severe and unusual weather conditions as a general defense to the claim that it caused pollution.
So Ordered at Hartford, Connecticut this 30th day of December, 1997.
Robert J. Devlin, Jr., J.